Case 1-17-46331-cec    Doc 14    Filed 01/19/18    Entered 01/19/18 10:20:08

| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP**<br>*Counsel to Lori Lapin Jones, Chapter 7 Trustee*<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Telephone: (516) 826-6500<br>Holly R. Holecek, Esq. | **Hearing Date: February 13, 2018 at 11:00 a.m.**<br>**Objection Deadline: February 6, 2018 by 5:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
In re:                                                                                         Chapter 7

697 EVERGREEN AVENUE, INC.,                                        Case No.: 17-46331 (CEC)

            Debtor.
---------------------------------------------------------------------x

**NOTICE OF HEARING ON TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 363, 521, 541 AND 721 OF THE BANKRUPTCY CODE: (I) AUTHORIZING THE TRUSTEE'S AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (II) AUTHORIZING THE TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS AND USE THE DEBTOR'S CASH ON AN INTERIM BASIS; (III) DIRECTING THE DEBTOR TO TURN OVER TO THE TRUSTEE DOCUMENTS, INFORMATION AND MONIES RELATING TO THE REAL PROPERTY; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on **February 13, 2018 at 11:00 a.m.**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, in Courtroom 3529 at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271 Cadman Plaza East, Brooklyn, New York 11201-1800, to consider the motion of Lori Lapin Jones, the Chapter 7 Trustee ("Trustee") of the estate of 697 Evergreen Avenue, Inc. ("Debtor"), by her undersigned counsel, seeking the entry of an Order pursuant to §§ 105, 363, 521, 541 and 721 of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) authorizing and scheduling an auction sale of the Chapter 7 estate's right, title and interest in and to the real property known as, and located at, 697 Evergreen Avenue, Brooklyn, New York 11216 a/k/a 113 Moffat Street, Brooklyn, New York 11216 ("Real Property"); (ii) authorizing the Trustee to operate the Debtor's business, i.e., managing the Real

Property which consists of residential rental units, and use the Debtor's cash to pay certain expenses on an interim basis; (iii) directing the Debtor to turn over to the Trustee documents, information and monies relating to the Real Property; and (iv) granting such other and further relief as this Court deems just and proper ("Motion").

**PLEASE TAKE FURTHER NOTICE** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Bankruptcy Rules, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, attorneys for the Trustee, Attn: Holly R. Holecek, Esq., no later than **February 6, 2018 by 5:00 p.m.**, as follows: (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 473), which may be accessed through the internet at the Bankruptcy Court's website at www.nyeb.uscourts.gov, and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

Dated: January 19, 2018
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                        Counsel to Lori Lapin Jones, as Chapter 7 Trustee

                              By:    *s/ Holly R. Holecek*
                                        Holly R. Holecek, Esq.
                                        3305 Jerusalem Avenue
                                        Wantagh, New York 11793
                                        Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                              Chapter 7

697 EVERGREEN AVENUE, INC.,                         Case No.: 17-46331 (CEC)

               Debtor.
------------------------------------------------------------------x

**TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 363, 521, 541 AND 721 OF THE BANKRUPTCY CODE: (I) AUTHORIZING THE TRUSTEE'S AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (II) AUTHORIZING THE TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS AND USE THE DEBTOR'S CASH ON AN INTERIM BASIS; (III) DIRECTING THE DEBTOR TO TURN OVER TO THE TRUSTEE DOCUMENTS, INFORMATION AND MONIES RELATING TO THE REAL PROPERTY; AND (IV) GRANTING RELATED RELIEF**

Lori Lapin Jones, the Chapter 7 Trustee ("Trustee") of the estate of 697 Evergreen Avenue, Inc. ("Debtor"), by her undersigned counsel, seeks the entry of an Order pursuant to §§ 105, 363, 521, 541 and 721 of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) authorizing and scheduling an auction sale of the Chapter 7 estate's right, title and interest in and to the real property known as, and located at, 697 Evergreen Avenue, Brooklyn, New York 11216 a/k/a 113 Moffat Street, Brooklyn, New York 11216 ("Real Property"); (ii) authorizing the Trustee to operate the Debtor's business, i.e., managing the Real Property which consists of residential rental units, and use the Debtor's cash to pay certain expenses on an interim basis; (iii) directing the Debtor to turn over to the Trustee documents, information and monies relating to the Real Property; and (iv) granting such other and further relief as this Court deems just and proper, and respectfully represents as follows:

**BACKGROUND**

1. On November 29, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

2. Lori Lapin Jones was appointed the Chapter 7 Trustee of the Debtor's estate.

3. The Debtor did not appear at the initial meeting of creditors scheduled for January 5, 2018.

4. To date, the Debtor has not filed, inter alia, full schedules or a Statement of Financial Affairs with the Court.

5. As of the Petition Date, the Debtor held title to the Real Property. Based upon the information available to the Trustee, the Trustee understands that the Debtor's business consists of owning the Real Property, which contains six apartments.

6. Public real estate records reflect that the Real Property is encumbered by a first mortgage lien held by Purmm Capital Corp. ("Purmm") in the original principal amount of $290,000.00 ("First Mortgage Lien"). As of November 30, 2017, Purmm asserted it was owed $532,764.71 on account of the First Mortgage Lien.

7. The Trustee has determined that there is equity in the Real Property that can be realized through a public sale. Purmm has indicated that it is in support of the sale. By separate application, the Trustee seeks to employ MYC & Associates, Inc. as her property manager and real estate broker to manage, market and sell the Real Property.

**STATUTORY PREDICATES FOR RELIEF REQUESTED**

8. The statutory predicates for the relief sought herein include sections 105(a), 363 and 721 of the Bankruptcy Code, and Bankruptcy Rules 2002 and 6004.

9. This Court has jurisdiction of the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue of this case and the Motion is proper in this District pursuant 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

10. By this Motion, the Trustee seeks the entry of an Order: (a) authorizing and approving the auction sale of the Chapter 7 estate's right, title and interest in and to the Real Property; (b) authorizing the Trustee to operate the Debtor's business and use the Debtor's cash on an interim basis through the closing on the sale of the Real Property; (c) directing the Debtor to turn over to the Trustee documents, information and monies relating to the Real Property; and (d) granting the Trustee related relief. A proposed Order is annexed as **Exhibit A**.

11. At the hearing on this Motion, the Trustee will request that the Court approve the Motion and grant the relief requested herein. The Trustee will also request that the Court schedule the auction sale for the Real Property for March 22, 2018 and authorize the Trustee to submit a proposed order confirming the Auction Sale to the highest or best bidder to the Court immediately following the Auction Sale.

**A.   The Auction Sale Of The Real Property Is A Reasonable Exercise Of The Trustee's Business Judgment And Should Be Approved**

12. Pursuant to section 704(a) of the Bankruptcy Code, Chapter 7 trustees are required to "reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1). Under Bankruptcy Rule 6004(f)(1), a trustee is permitted to sell property of the estate pursuant to Bankruptcy Code § 363(b) by private sale or public auction. FED. R. BANKR. P. 6004(f)(1). Section 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004 govern the sale of assets outside of the ordinary course of a debtor's business. Bankruptcy Code § 363 provides, in

relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

13. The Trustee is statutorily charged with liquidating property of the Debtor's estate as expeditiously as is compatible with the best interests of the estate. See 11 U.S.C. § 704(a)(1). In this case, the Trustee used her sound business judgment to determine that the auction sale of the Real Property is appropriate and in the best interests of the Debtor's estate. The Trustee believes that the Real Property has equity in excess of the First Mortgage Lien and other liens, claims and encumbrances that may be recorded against the Real Property and any taxes that may come due on a sale. Further, Purmm has indicated that it is in support of the sale.

14. Pursuant to Bankruptcy Rules 6004(a) and (c) and 2002(a)(2), the Trustee will provide notice of the intended auction sale of the Real Property to all known creditors of the Debtor, the Debtor, Debtor's counsel, Purmm and its counsel, any other known holders of liens, claims or encumbrances against the Real Property, all parties who have filed a notice of appearance in the Debtor's case and the United States Trustee.

15. The proposed sale of the Real Property is in the best interests of the Debtor's estate and its creditors. Accordingly and for the reasons set forth above, the Trustee seeks authorization of and approval for the auction sale of the Real Property.

**B.**      **The Real Property Should Be Sold Free And Clear Of Liens**

16. Pursuant to section 363(f) of the Bankruptcy Code, property may be sold outside the ordinary course of business under subsection (b):

> free and clear of any interest in such property of an entity other than the estate, only if—
>
> > (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> >
> > (2) such entity consents;

4

> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Thus, a trustee may sell property of a bankruptcy estate outside the ordinary court of business if one of the five conditions under section 363(f) is satisfied. See In re Grubb & Ellis Co., Case No. 12-10685 (MG), 2012 Bankr. LEXIS 1279, at *31 (Bankr. S.D.N.Y. Mar. 27, 2012) (discussing section 363(f) of the Bankruptcy Code); In re Borders Group, Inc., 453 B.R. 477, 483–84 (Bankr. S.D.N.Y. 2011) (same).

17. Here, the Trustee submits that section 363(f)(3) of the Bankruptcy Code will be satisfied and, accordingly, the Trustee may sell the Real Property free and clear of all liens, claims and encumbrances.

**C.   The Successful Bidder May Be Entitled To The Protections Of Section 363(m)**

18. Section 363(m) of the Bankruptcy Code protects good faith purchasers at sales conducted under section 363(b) of the Bankruptcy Code by providing that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

19. Although the Bankruptcy Code does not define good faith, the United States Second Circuit Court of Appeals has provided the following definition of good faith in the context of sales under section 363 of the Bankruptcy Code:

> Good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings; where there is a lack of such integrity, a good faith finding may not be made. A purchaser's good faith is lost by fraud, collusion between the

5

> purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders. . . .
>
> As just defined, the good-faith analysis is focused on the purchaser's conduct in the course of the bankruptcy proceedings.

Licensing by Paolo v. Sinatra (In re Gucci), 126 F.3d 380, 390 (2d Cir. 1997) (quotations and citations omitted); see In re Motors Liquidation, 430 B.R. at 78 (relying on Gucci definition of good faith in this context).

20. Here, the Trustee intends to conduct a public auction sale of the Real Property. The Trustee anticipates that, following the auction sale, she will seek to confirm the sale to the highest and best bidder. The Trustee anticipates that the successful bidder for the Real Property will be acting in good faith since the auction sale will be conducted at arms' length with an opportunity for competitive bidding.

21. Accordingly, the Trustee may request the entry of an Order affording the successful bidder at the auction sale the protections available under section 363(m) of the Bankruptcy Code.

### D.  **The Trustee Should Be Authorized To Operate the Debtor's Business And Use The Debtor's Cash On An Interim Basis**

22. Pursuant to section 721 of the Bankruptcy Code, the Court "may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721. Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

23. The Trustee submits that it is in the best interests of the Debtor's estate for the Trustee to operate, to the extent possible, the Debtor's business by managing the rental units at the Real Property including, but not limited to, collecting rent and, to the extent cash is available,

paying for any expenses the Trustee determines, in her reasonable business judgment, are necessary and appropriate. It is anticipated that the Trustee's proposed auctioneer will assist in the operation and management of the Real Property through the closing on the sale.

24.     Operating orders have been entered by Courts where, as here, the circumstances require that a Chapter 7 trustee continue operations. See, e.g., In re Realty & Services Group Inc., 16-45643 (ess) (Bankr. E.D.N.Y., December 12, 2017); In re Narco Freedom, Inc., 16-10123 (smb) (Bankr. S.D.N.Y., Jan. 2016); In re Transcare Corporation, et al, 16-10407 (smb) (Bankr. S.D.N.Y., March 2016); In re Budget Travel, 12-14815 (alg) (Bankr. S.D.N.Y., March 22, 2013; In re Equisearch Acquisition Inc., 12-10223 (Bankr. S.D.N.Y., March 26, 2012); In re Probulk Inc., et al, 09-14014 (alg) (Bankr S.D.N.Y., June 25, 2009).

25.     The request to operate is not a guarantee that the Trustee will have adequate funds to cover all operating costs. The Trustee does not yet know the extent of operating costs and the reliability of rent collection, but will use reasonable efforts to collect rents and meet building expenses.

**E.     The Debtor Should Be Directed to Turn Over Documents and Monies Relating to the Real Property**

26.     As set forth above, it is the Trustee's understanding that the Real Property consists of 6 residential rental units.

27.     Pursuant to section 541(a)(6) of the Bankruptcy Code, "[p]roceeds, product, offspring, rents, or profits of or from property of the estate" is property of the Debtor's estate. 11 U.S.C. § 541(a)(6).

28.     Pursuant to section 521 of the Bankruptcy Code, the Debtor is required to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under

this title[,]" and to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, . . . ." 11 U.S.C. §§ 521(a) (3) and (4).

29. In this instance, the Debtor should be required to promptly turn over to the Trustee: (a) copies of any and all leases for the Real Property; (b) any and all security deposits from tenants or occupants of the Property; and (c) any and all rent or other cash from the Real Property.

**F.     The Trustee Should Be Granted Related Relief**

30. As set forth above, the Trustee anticipates that, following the auction sale, she will seek to confirm the sale to the highest and best bidder. In connection therewith, the Trustee will seek a provision in the Order confirming the sale that authorizes the Trustee to pay and satisfy, once the sale proceeds have cleared the Trustee's account, any and all costs relating to the sale including, without limitation, any normal and customary closing costs and any taxes that may be due by the estate.

## NOTICE AND NO PRIOR REQUEST

31. Notice of this Motion will be provided to: (a) the Debtor; (b) Purmm and its counsel; (c) all other known holders of liens, claims or encumbrances against the Real Property (if any); (d) all parties who have filed a notice of appearance in the Debtor's case; (e) the United States Trustee; (f) known creditors of the Debtor's estate (including any entities that filed proofs of claim); and (g) applicable taxing authorities. The Trustee submits that such notice complies with Bankruptcy Rule 2002(a)(2) and that no further notice if required.

32. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court grant the relief requested in this Motion and grant the Trustee such further relief as this Court deems proper.

Dated: January 19, 2018
       Wantagh, New York     **LaMONICA HERBST & MANISCALCO, LLP**
                                        Counsel to Lori Lapin Jones, as Chapter 7 Trustee

                           By:    *s/ Holly R. Holecek*
                                   Holly R. Holecek, Esq.
                                   3305 Jerusalem Avenue
                                   Wantagh, New York 11793
                                   Telephone: (516) 826-6500