UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                                    Chapter 7

697 EVERGREEN AVENUE, INC.,                          Case No.: 17-46331 (CEC)

        Debtor.
------------------------------------------------------------------x

**AMENDED ORDER PURSUANT TO SECTIONS 105, 363, 521, 541 AND 721 OF THE BANKRUPTCY CODE: (I) AUTHORIZING THE TRUSTEE'S AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (II) AUTHORIZING THE TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS AND USE THE DEBTOR'S CASH ON AN INTERIM BASIS; (III) DIRECTING THE DEBTOR TO TURN OVER TO THE TRUSTEE DOCUMENTS, INFORMATION AND MONIES RELATING TO THE REAL PROPERTY; AND (IV) GRANTING RELATED RELIEF**

Upon the motion of Lori Lapin Jones, the Chapter 7 Trustee ("Trustee") of the estate of 697 Evergreen Avenue, Inc. ("Debtor"), seeking entry of an Order pursuant to §§ 105, 363, 521, 541 and 721 of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) authorizing and scheduling an auction sale of the Chapter 7 estate's right, title and interest in and to the real property known as, and located at, 697 Evergreen Avenue, Brooklyn, New York 11216 a/k/a 113 Moffat Street, Brooklyn, New York 11216 ("Real Property"); (ii) authorizing the Trustee to operate the Debtor's business, i.e., managing the Real Property which consists of residential rental units, and use the Debtor's cash to pay certain expenses on an interim basis; (iii) directing the Debtor to turn over to the Trustee documents, information and monies relating to the Real Property; and (iv) granting such other and further relief as this Court deems just and proper ("Motion")[1] [Dkt. No. 14]; and upon the unsigned Debtor's Response in Opposition to the Motion ("Unsigned Opposition") [Dkt. No. 17]; and upon the Trustee's reply to the Unsigned Opposition [Dkt. No. 18]; and the Motion having come on to be heard before the Court on

---

[1]    Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

February 13, 2018 ("Hearing"); and the Trustee and her counsel having appeared at the Hearing in support of the Motion; and the United States Trustee having appeared at the Hearing, through counsel, in support of the Motion; and creditor Purmm Capital Corp. having appeared at the Hearing, through counsel, in support of the Motion; and William Abrams having appeared at the Hearing in opposition to the Motion; and upon the record of the Hearing, the transcript of which is incorporated by reference herein; and no additional notice or hearing being required, it is hereby

**ORDERED** that the Unsigned Opposition is overruled; and, it is further

**ORDERED** that Trustee is authorized to proceed with an auction sale of the Real Property; and, it is further

**ORDERED** that the Debtor is directed to promptly turn over to the Trustee: (i) copies of any and all leases for the Real Property; (ii) any and all security deposits from tenants or occupants of the Real Property with an accounting; and (iii) any and all rent or other cash from the Real Property; and, it is further

**ORDERED** that the Trustee is authorized to pay from the sale proceeds of the Real Property all customary and reasonable closing costs, all sums due on account of the First Mortgage Lien, any other valid liens, claims and encumbrances against the Real Property, and any taxes that may be due by the Chapter 7 estate without further Order of the Court all in accordance with the priorities for such liens, claims, or encumbrances under applicable law; and, it is further

**ORDERED** that the Trustee is authorized to operate, to the extent possible, the Debtor's business including, but not limited to, collecting rent and, to the extent cash is available, paying for any expenses the Trustee determines, in her reasonable business judgment, are necessary and

appropriate without further Order of the Court through the closing on the sale of the Real Property (including, but not limited to, insurance and repairs); and, it is further

**ORDERED** that, in accordance with section 704 (a)(8) of the Bankruptcy Code, the Trustee shall file with the Court a report reflecting cash receipts and disbursements of the Debtor's estate (with bank statements attached) no less frequently than quarterly (by the 20th day after the conclusion of the relevant reporting period), with a copy to the United States Trustee; and, it is further

**ORDERED** that the Trustee is authorized and empowered to expend such funds, and execute and deliver any and all documents as reasonably necessary to implement the terms of this Order; and, it is further

**ORDERED** that this Court may retain exclusive jurisdiction to interpret, construe and enforce the provisions of this Order.

NO OBJECTION:

William K. Harrington
United States Trustee for Region 2

By    s/ *Nazar Khodorovsky 2/22/18*
       Nazar Khodorovsky, Esq., Trial Attorney



**Dated: Brooklyn, New York**
**March 1, 2018**

      **Carla E. Craig**
**United States Bankruptcy Judge**