UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In Re

                               Case No. 1-17-46331-cec

697 Evergreen Avenue Inc.,

               Debtor

-------------------------------------------------------x

## AFFIRMATION IN SUPPORT

VIVIA L. JOSEPH, ESQ., affirms under penalties of perjury as follows:

1.     I am attorney for the Debtor.

2.     I am fully familiar with the facts of this case based on my review of the records maintained on the Court's e-filing system, conversations with Debtor's principal and review of the underlying records maintained on the e-filing system of the NYS Unified Court System.

3.     This motion is filed seeking an Order,

     a.  Permitting Debtor, 697 Evergreen Avenue Inc. to refinance and obtain a new loan in the amount of $900,000.00 and to use the property known as 697 Evergreen Avenue, Brooklyn, New York, as collateral for such refinancing;

     b.  Authorizing payment of any undisputed amounts with respect to the Proof of Claim filed by Purmm Capital Corp.;

     c.  Directing that any disputed amounts on the Proof of Claim filed by Purmm Capital Corp. which are not resolved at the time of closing shall be held in escrow by Debtor's attorney, Vivia L. Joseph, Esq., pending further Order of the Court;

     d.  Authorizing payment of title bill and closing costs from the loan proceeds;

    e.   Awarding reasonable compensation to the Chapter 7 Trustee;

    f.   Awarding reasonable counsel fees to counsel for the Chapter 7 Trustee;

    g.   Awarding reasonable compensation to other appointees appointed on behalf of the Chapter 7 Trustee;

    h.   Awarding reasonable legal fees to Debtor's counsel; and

    i.   granting such further and other relief as to the Court deems just and proper, and equitable.

4.    As previously discussed in Court conferences, Debtor has obtained financing in order to pay and settle the judgment affecting the subject property.

5.    Specifically, Debtor has obtained financing in the loan amount of $900,000.00. *See* Letter of Intent annexed hereto marked **Exhibit "A".**

6.    Debtor's counsel and Trustee's counsel have had discussions regarding the terms of the loan, which have been modified to meet the Trustee's requirements.

7.    Debtor stands to lose this financing if the loan does not close.

8.    Indeed, in order to proceed and schedule a closing date, Debtor requests the approval of the Court as well as an Order permitting it to close on the refinancing and to disburse the payments detailed herein, as approved by the Court.

9.    Scheduling a closing date is critical as interest continues to accrue daily on the unpaid judgment, all to Debtor's detriment.

## FACTS

10.    Debtor's principal filed the instant Chapter 7 bankruptcy case on November 29, 2017.

11.    Debtor's sole asset is a 5 family dwelling located at, and known as, 697 Evergreen Avenue, Brooklyn, New York.

12.    The property is the subject of a foreclosure action in the Supreme Court, Kings County (Index No.: 503460/16), brought by secured creditor Purmm Capital Corp. ("Purmm") seeking a judgment of foreclosure and sale with respect to an unpaid mortgage in the principal amount of $290,000.00.

13.    As a result of said foreclosure action, the Supreme Court granted Purmm's request for a Judgment of Foreclosure and Sale, a copy of which is annexed hereto marked **Exhibit "B"**.

14.    With respect to this bankruptcy, four (4) proofs of claim have been filed. Debtor intends to satisfy those claims to which it does not object.

15.    With respect to Claim No. 4 filed by Purmm, Debtor has filed formal Objections and has requested a hearing.

16.    Upon information and belief, based on conversations with the Lender and its title company, paying the ECB and HPD liens which appear on title will not be a condition to closing this loan.

17.    Debtor intends to resolve these liens after closing.

18.    Because interest continues to accrue on the State Court judgment at a daily rate until payment is made, Debtor requests that it be permitted to close on its loan and a date be immediately scheduled.

## DEBTOR REQUESTS APPROVAL TO PAY ALL UNDISPUTED AMOUNTS FROM THE LOAN PROCEEDS

19.    Debtor requests approval to pay from the loan proceeds those amounts that are undisputed as well as other related expenses.

20.    As to the disputed amounts, Debtor requests that such amounts be placed in escrow pending a resolution of its Objections.

21.    With respect to the Judgment of Foreclosure and Sale, Purmm claims it is owed $479,263.90 through April 30, 2018.

22.    Debtor represents that the sum of $455,365.87 is due on the judgment through April 30, 2018.  The difference, $23,898.03 is the disputed amount.

23.    Purmm claims that the daily interest rate from April 1, 2017 to October 5, 2017 is $258.43 and the post judgment is $112.44.

24.    Debtor's attorney calculates pre-judgment interest at $190.68 per day and post-judgment at $106.83 per diem.

25.    Debtor has objected to Purmm's claim for a tax lien payment of $47,089.00, as Purmm has not submitted a canceled check evidencing proper proof of payment.  Debtor has also objects to the claim for interest calculated by Purmm at a rate of 24% ($30.96 per diem) for a total of $9,411.84.

26.    Debtor submits if this portion of Purmm's claim is allowed, that the interest on the debt is $2,415.13, calculated from the date the judgment was entered to April 30, 2018, at the statutory interest rate – 9%, the per diem being $11.61.

27.    Debtor has also objected to Purmm's claim for advertisement expenses totaling $1,890.00 as there is no proof of payment annexed to the Proof of Claim.

28.    Debtor has further objected to Purmm's claim for additional legal fees totaling $71,551.37, as such fees neither reasonable, nor are they authorized in the loan documents or by statute.

29.     Further Purmm improperly includes the judgment award of $2,500 for legal fees in both its calculation on the judgment and the amount claimed for legal fees.

30.     To the extent the disputed amounts are not resolved in time for a closing, Debtor requests an Order directing that such disputed amounts be placed in escrow with its attorney to be disbursed after a determination on Debtor's Objections.

31.     Other items, requiring approval, to be paid from the loan proceeds include:

    a.   Lender's fees and interest reserves;

    b.   Title bill which includes outstanding water charges and tax payments.  It is standard for the title company to collect these payments at closing and to pay same directly to the authorities.

    c.   Reasonable compensation to the Trustee;

    d.   Reasonable fees to the Trustee's counsel, and other appointees;

    e.   Actual amounts paid by the Trustee for miscellaneous expenses (estimated by the Trustee to be $15,000.00); and

    f.   Reasonable legal fees to Debtor's attorney;

32.     Attached hereto marked **Exhibit "C"** is a proposed Closing Statement estimating the items and amounts to be paid from the loan proceeds.

33.     Debtor hereby requests that the Court grant its request to close on the loan.

## CONCLUSION

34.    For the foregoing reasons, Debtor requests that the instant motion brought by

Order to Show Cause be granted in its entirety.

Dated: May 22, 2018
       Cambria Heights, New York

                                        _____/s/ Vivia L. Joseph, Esq._____
                                               Vivia L. Joseph, Esq.